# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| BRUCE HAMPTON FERGUSON, | * | |
| Petitioner, | * | CASE NO. 5:05-CV-379 DF |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 5:04-cr-62 DF |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Bruce H. Ferguson was indicted in this court on May 27, 2004, for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g) and 924(e). (R-1). He entered into a Plea Agreement with the Government and pled guilty to the indictment on August 2, 2004. (R-14, 15). Judgment was entered on his sentence of 225 months imprisonment on October 25, 2004. (R-23). No appeal was filed. On October 11, 2005, Petitioner Ferguson timely filed the Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 presently under consideration. He enumerated in his Memorandum Brief attached thereto four (4) allegations of constitutional violations in regard to his sentence. (R-25). Thereafter, he moved for extensions of time to file amendments to his § 2255 Motion and a stay until such time as the United States Supreme Court could decide the case of *Washington v. Recuenco,* No. 05-83, before that Court on grant of *writ of certiorari* (R-26 and R- 31). The Supreme Court decided *Recuenco* on June 26, 2006 with no relevant application to Petitioner Ferguson's present Motion to Vacate.

## Petitioner's § 2255 Claims

Petitioner Ferguson alleges in the Memorandum attached to his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-25) that:

CLAIM I

> PETITIONER CONTENDS THAT HIS FIFTH AMENDMENT DUE PROCESS RIGHTS HAVE BEEN VIOLATED ........

CLAIM II

> PETITIONER CONTENDS THAT HIS GUILTY PLEA WAS NOT KNOWINGLY, WILLINGLY, AND INTELLIGENTLY ENTERED DUE TO MISADVISE FROM COUNSEL, DISTRICT COURT, AND GOVERNMENT, AS TO THE LEGAL SIGNIFICANCE OF JONES, "NEW RULE", APPRENDI'S "BRIGHT LINE RULE", BLAKELY'S "INTELLIGIBLE CONTENT RULING", RENDERING GUILTY PLEA INVALID .......

CLAIM III

> PETITIONER CONTENDS RULE 11 COLLOQUY UNCONSTITUTIONAL FOR THE RECORD DOES NOT SHOW THAT PETITIONER HAD SUFFICIENT AWARENESS OF THE RELEVANT CIRCUMSTANCES AND LIKELY CONSEQUENCES UNDER BRADY V. UNITED STATES, 397 U.S. 748 (1970) FOR RECORD DOES NOT SHOW THAT PETITIONER WAS MADE AWARE OF ARMED CAREER CRIMINAL ENHANCEMENT APPLIED TO HIS SITUATION ....

CLAIM IV

> PETITIONER CLAIMS THAT HIS FIFTH AND SIXTH AMENDMENT CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED UNDER SHEPARD V. UNITED STATES, FOR A DEBATABLE ISSUE EXISTS UNDER THE EX POST FACTO CLAUSE, AND THAT SHEPARD APPLIES TO HIS CLAIMS RETROACTIVELY . . .

Petitioner Ferguson elaborates on these Claims by way of Memorandum/Affidavits filed on July 17, 2006 (R-39) attached to a copy of his original Memorandum. However, none of the three Memorandum/Affidavits filed specifically addresses Petitioner's Claim I,

his unspecified claim of violation of his Fifth Amendment rights. Nonetheless, a review of the record of this action and specifically the Change of Plea Transcript (R-35) shows that the court noted to Petitioner Ferguson that he had been indicted by a federal grand jury for the violation of 18 U.S.C. § 922(g)(1) and 924(e); that he faced a minimum mandatory sentence of 15 years to a maximum sentence of life imprisonment; that Petitioner Ferguson had had the services of an attorney and that he was satisfied with the services of his attorney; that he understood the charges against him; had gone over the written plea agreement, initialed each page and signed the same; that he had stipulated his guilt to the facts of the charges and acknowledged the truth of the stipulation; that he understood that he was being sentenced with consideration given to his prior drug offenses and an escape conviction which he understood to be a crime of violence; also, Petitioner Ferguson was reminded by the AUSA that he had discussed with him the fact that he would be sentenced as an armed career criminal because of his prior predicate convictions; and Petitioner and his attorney assured the court that Petitioner understood that those prior convictions would make a difference in his sentence (R-35 at 2-7). Petitioner was further reminded of his right to a jury trial and the rights accompanying the same, and he advised the court that he freely and voluntarily gave up those rights (R-35 at 8, 9).

Petitioner has preferred no evidence or argument and has therefore failed to carry any burden of proof as to his claim of a violation of his Fifth Amendment rights and the record shows that no such violation occurred.

3

From Petitioner's **Claim II** that his guilty plea was not knowingly, willingly, and intelligently entered due to misadvise from counsel, district court, and government, as to the legal significance of Jones, "new rule", Apprendi's "bright line rule", Blakely's "intelligible content ruling", rendering guilty plea invalid, Petitioner Ferguson is obviously contending that his sentence was illegally enhanced by evidence found only by the court. In *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348 (2000), the Supreme Court affirmed the *Jones'* contention, finding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531 (2004), the Supreme Court revisited the *Apprendi* rule in the context of Washington state's sentencing guideline scheme, and clarified that the relevant "statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose soley on the basis of the facts reflected in the jury verdict or admitted by the defendant." In *Booker,* the Supreme Court applied its holding in *Blakely* to the Federal Sentencing Guidelines. After *Booker,* "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Rodriguez,* 398 F.3d 1291, 1298 (11th Cir. 2005). *See United States v. Thomas,* No. 05-14151 (11th Cir. April 26, 2006).

The factual finding of the three required violent felonies or serious drug offenses under the Armed Career Criminal statute, 18 U.S.C. § 924(e)(1), are not controlled by the

4

*Apprendi* (incorporating *Jones), Blakely,* or *Booker* decisions. *See United States v. Greer,* 440 F.3d 1267, 1273-74 (11th Cir. 2006). The sentencing court can make the determination as to whether the prior offenses necessary to invoke the mandatory provisions of the statute (18 U.S.C. § 924(e)(1)) are present as a sentencing factor rather than an element of the offense. *Id.* Since Petitioner Ferguson cannot show that his claim had legal merit, he cannot show that his attorney was ineffective for not arguing meritless *Apprendi, Blakely,* and *Booker* claims. No such claims were available to Petitioner and his counsel cause him no harm. His claim that his plea was involuntary due to his counsel's "misadvice" is unsupported in law or fact.

Ferguson makes as his **Claim III** that "Petitioner contends Rule 11 colloquy unconstitutional for the record does not show that petitioner had sufficient awareness of the relevant circumstances and likely consequences under Brady v. United States, 397 U.S. 748 (1970), for record does not show that petitioner was made aware of armed career criminal enhancement applied to his situation." Petitioner Ferguson's one paragraph affidavit elaborating on this claim (R-39-4) does nothing more that restate the caption above, except that he adds that he was "not made aware of such until P.S.I. Reports were made available to him through his counsel."

The record shows to the contrary. During the plea colloquy, the court advised Ferguson that his mandatory minimum sentence was 15 years up to a maximum of life imprisonment as the result of his having committed two prior serious drug offenses and a prior violent felony offense (R-35 at 2). During the plea colloquy the court inquired after

5

any possible *Blakely* issues and the AUSA advised that since Petitioner Ferguson was being sentenced as "an armed career criminal," he did not see any possible *Blakely* issues (R-35 at 6). Neither Ferguson nor his attorney took issue with that statement or the characterization of the three predicate offenses discussed. Had they taken issue, they would not have prevailed, inasmuch as it has been shown that the predicated offenses qualified under the statute for ACCA treatment. Petitioner's claim is without merit.

As his **Claim IV,** Petitioner Ferguson alleges that "his fifth and sixth amendment constitutional rights have been violated under *Shepard v. United States*, for a debatable issue exists under the ex post facto clause, and that Shepard applies to his claims retroactively." Petitioner Ferguson's only elaboration on this claim is contained in the one paragraph affidavit he has now attached to a copy of his original Motion (R-39-3), wherein he contends that, "[B]y applying A.C.C.A., his constitutional rights have been violated because a debatable issue exist [under the Ex Post Facto Clause] as to whether the prior convictions used which are ten years old and also are convictions that occurred prior to the enactment of the A.C.C.A. enhancement statute and/or prior to the enactment of Mandatory Guidelines. Plus the fact that *Shepard* applies to his case retroactively . . ."

It is well settled law that in applying the ACCA, the use of predicate felonies committed before the ACCA was enacted does not violate the Ex Post Facto Clause. *See United States v. Reynolds,* 215 F.3d 1210, 1213 (11th Cir. **2000**) (plainly [defendant] was on notice that as a felon convicted three times he would receive a 15-year mandatory minimum

sentence if convicted of violating 18 U.S.C. § 922(g)). (emphasis added) "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Id.*

Petitioner Ferguson was indeed on notice that his plea of guilty to violating 18 U.S.C. § 922(g) would subject him to a mandatory minimum penalty of 15 years and a maximum of life imprisonment. He was advised of such penalty in his Plea Agreement at ¶ 3. (R-14). The court advised him at his change of plea hearing that his mandatory minimum sentence would be 15 years and the maximum would be life imprisonment. (R-35 at 2). Likewise, the AUSA reminded the petitioner and his counsel, in open court at the plea hearing, that Petitioner Ferguson would be sentenced as a armed career criminal under 18 U.S.C. § 924(e) for the two prior serious drug convictions and the escape which was a violent felony. (R-35 at 6). Moreover, while Petitioner Ferguson had earlier taken issue with whether or not the escape was a violent felony, he acknowledged to the court that it was classified as a violent crime under the federal code. (R-35 at 7). Petitioner's claim that he was not advised of the three requisite felony offenses that were contained in the indictment, discussed at his plea hearing, and considered to establish his minimum and maximum sentences as an armed career criminal offender, is disingenuous.

The case with retroactive application to which he refers is *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254 (2005). *Shepard* held that a sentencing judge may not make a totally independant determination as to whether a defendant's prior conviction satisfied the

7

requirements of the ACCA for a violent crime. In Petitioner's case, he acknowledged that the offense of escape was a violent offense as noted above. The other two offenses were "serious drug offenses" rather than violent offenses. Petitioner's *Shepard* claim is misplaced as the sentencing judge did not arbitrarily determine that escape was a violent offense. *See United States v. Moudy,* 132 F.3d 618, 620 (10th Cir. 1998) ( an escape always constitutes conduct that presents a serious potential risk of physical injury to another, for the purposes of the ACCA as well as for the career offender provisions of the sentencing guidelines). Petitioner's claims are without merit.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 5th day of December 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE