IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 5:04-CR-00062-CAR-CHW-1 |
| BRUCE HAMPTON FERGUSON | 28 U.S.C. § 2255 |

**MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. §2255**

Petitioner, Bruce Hampton Ferguson, through undersigned counsel, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

On August 2, 2004, Mr. Ferguson entered a guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and §924(e). (Docs. 15-16). On October 13, 2004, the Court sentenced Mr. Ferguson to a term of 225 months imprisonment on the § 922(g) count after finding that he was an armed career criminal under 18 U.S.C. § 924(e) (Armed Career Criminal Act (ACCA)). However, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Ferguson no longer is as an armed career criminal.

This Court found Mr. Ferguson to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that supported the ACCA enhancement. Specifically, the Court found that Mr. Ferguson had an aggravated assault conviction and an escape conviction that qualified as violent felonies.

However, after *Johnson*, Mr. Ferguson's aggravated assault and escape convictions no longer qualify as ACCA "violent felonies." In *Johnson,* the Supreme Court struck down the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557.

Thus, the only question here is whether Mr. Ferguson's convictions qualify as "violent felonies" under the remaining "enumerated offenses" clause or "force" clause of the ACCA.[1] It does not under either clause. Hence, Mr. Ferguson does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him as an armed career criminal.

As a result, Mr. Ferguson's currently imposed sentence of 225 months on his § 922(g) count is now a *per se* illegal sentence, not only in violation of the United States law, but in excess of the 10-year statutory maximum for his offense of being a felon in possession of a firearm. 18 U.S.C. § 924(a)(2). Allowing this sentence to remain intact further violates due process; therefore, he is entitled to relief from his ACCA sentence under 28 U.S.C. § 2255(a).

On October 19, 2005, Mr. Ferguson filed his initial 28 U.S.C. §2255 motion. (Doc. 25). In his motion, Mr. Ferguson alleged that his Fifth Amendment Due Process rights were violated; his plea was not knowingly and voluntary; whether he had sufficient understanding that he was subject to Armed Career Criminal enhancement; and whether his Fifth and Sixth Amendment rights were violated. (*Id.*). On January 9, 2007, this Court denied Mr. Ferguson's §2255 motion. (Doc. 45). Mr. Ferguson filed a second §2255 motion on February 7, 2011, Doc. 66, which was subsequently denied on July 15, 2011. (Doc. 74).

---

[1] Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it

    (i)    has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

    (ii)   is burglary, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [ known as the residual clause.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

On May 17, 2016, Mr. Ferguson, through undersigned counsel, filed his application for leave to file a second or successive §2255 motion with the Eleventh Circuit Court of Appeals. On June 16, 2016, the Eleventh Circuit Court of Appeals authorized Mr. Ferguson to file this petition.

Mr. Ferguson's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Thus, Mr. Ferguson respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him on all counts.

Due to time constraints and number of review cases, counsel cannot, at this time, fully brief the issues presented in this petition. Counsel will ask for leave to supplement this petition within 30 days. Counsel respectfully requests that the Court stay review of Mr. Ferguson's §2255 petition until supplemental briefing has been filed.

Respectfully this 22nd day of June, 2016.

*s /Jessica M. Lee*
JESSICA M. LEE
GA Bar Number: 889820
Counsel for Bruce Hampton Ferguson

Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
E-mail: Jessy_M_Lee@fd.org

**CERTIFICATE OF SERVICE**

I, Jessica M. Lee, hereby certify that on June 22, 2016, I electronically filed the foregoing *Motion to Correct Sentence Under 28 U.S.C. §2255* with the clerk of Court using the CM/ECF system which will send notification of such record of counsel.

*s /Jessica M. Lee*
JESSICA M. LEE
GA Bar Number: 889820
Counsel for Bruce Hampton Ferguson

Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
E-mail: Jessy_M_Lee@fd.org
